## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., 40 West 20th Street, New York, NY 10011 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 17-cv-1243 ECF Case |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, 1200 Pennsylvania Avenue NW, Washington, DC 20460 | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     Defendant United States Environmental Protection Agency (EPA) is violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to disclose responsive records requested by plaintiff Natural Resources Defense Council, Inc. (NRDC).

2.     Shortly following President Trump's inauguration, numerous federal agencies began purging information about important public health and environmental issues from their websites. This case involves a simple public records request seeking information about EPA's website-retention policies and any instructions the agency's Office of Public Affairs received to remove content from EPA websites in the early months of the Trump presidency.

3.      NRDC submitted a FOIA request to EPA seeking this basic information on March 14, 2017. The statutory deadline to produce the requested records was April 11, 2017. EPA has not produced any records to NRDC in response to this request.

4.      NRDC seeks a declaration that EPA has violated FOIA by failing to provide a final determination as to whether it will comply with NRDC's request and by failing to produce responsive records by the statutory deadline. NRDC seeks an injunction ordering EPA to disclose without further delay all non-exempt, responsive records to NRDC.

## THE PARTIES

5.      Plaintiff NRDC is a national, non-profit environmental and public health membership organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment.

6.      Defendant EPA is a federal agency within the meaning of FOIA, 5 U.S.C. § 551(1), and has possession or control of the records that NRDC seeks.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8.      Venue is proper in this district. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

9.     FOIA requires that federal agencies release, upon request, information to the public, unless one of nine statutory exemptions applies. 5 U.S.C. § 552(a)–(b).

10.     Within twenty business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. *Id.* § 552(a)(6)(A)(i). The agency must "immediately notify" the requester "of such determination and the reasons therefor." *Id.* If an agency determines that it will comply with the request, it must "promptly" release responsive, non-exempt records to the requester. *Id.* § 552(a)(6)(C)(i).

11.     If the agency fails to comply with the statutory time limits, the requester is deemed to have exhausted her administrative remedies and may immediately file suit. *Id.* District courts may enjoin an agency from withholding agency records and "order the production of any agency records improperly withheld." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

12.     Within hours of President Trump's inauguration, the official White House website deleted nearly all references to climate change. Shortly thereafter, various news outlets reported that the Trump Administration was instructing EPA to remove climate change pages from its websites.

13.     Changes to EPA's websites were rampant in the early months of the Trump Administration.

14.     NRDC filed a FOIA request with EPA on March 14, 2017, seeking all documents setting forth EPA policy or guidance for staff to apply when determining whether to remove information from an EPA website, and all documents and communications from January 20, 2017 through the present instructing EPA staff within the Office of Public Affairs to remove information from an EPA website.

15.     That same day, EPA acknowledged receipt of NRDC's request and assigned the request the tracking number EPA-HQ-2017-004877.

16.     In a letter to NRDC dated March 16, 2017, EPA wrote that NRDC's request did not reach the minimum billable amount and so no charges would be associated with processing it. The letter also stated that the EPA Administrator's Office would respond to the request.

17.     The statutory deadline for EPA to produce records responsive to NRDC's request was April 11, 2017.

18.     NRDC received no communications from EPA about its request from March 17, 2017 through June 13, 2017.

19.     On June 14, 2017, after nearly three months of silence, EPA sent an e-mail to NRDC stating that its request "is not a proper request because it does not reasonably describe the records sought."

20.     EPA's June 14, 2017 e-mail also threatened that if NRDC did not "reply back . . . within 10 days," EPA would "consider [the] request voluntarily withdrawn."

4

21.     On June 23, 2017, NRDC responded to EPA's email by stating that the request as written reasonably describes the records sought. NRDC also declined to "voluntarily withdraw" its request.

22.     To date, EPA still has not produced any responsive records to NRDC.

## CLAIM FOR RELIEF

23.     NRDC incorporates by reference all preceding paragraphs.

24.     NRDC has a statutory right under FOIA to obtain immediately all records responsive to its request that are not exempt from disclosure.

25.     EPA's June 14, 2017 email does not discharge EPA's responsibilities to produce records in compliance with FOIA, and does not toll or extend the April 11, 2017 deadline for EPA to respond to NRDC's request.

26.     EPA has no lawful basis to consider NRDC's request "voluntarily withdrawn."

27.     EPA violated its statutory duty under FOIA, 5 U.S.C. § 552(a), to release all non-exempt, responsive records to NRDC.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment against EPA as follows:

A.     Declaring that NRDC's FOIA request reasonably describes the records sought;

B.     Declaring that EPA has no basis under FOIA to deem NRDC's request "voluntarily withdrawn";

C.     Declaring that EPA has violated FOIA by failing to produce non-exempt records responsive to NRDC's FOIA request by the statutory deadline;

D.     Ordering that EPA disclose the requested records to NRDC without further delay;

E.     Retaining jurisdiction over this case to rule on any assertions by EPA that certain responsive records are exempt from disclosure;

F.     Ordering EPA to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings, in the event that EPA determines that certain responsive records are exempt from disclosure;

G.     Awarding NRDC its costs and reasonable attorneys' fees; and

H.     Granting such other relief that the Court considers just and proper.

Respectfully submitted,

Dated: June 26, 2017

/s/ Jared E. Knicley
Jared E. Knicley (DC Bar No. 1027257)
Aaron Colangelo (DC Bar No. 468448)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Phone: 202-513-6242
Fax: 415-795-4799
jknicley@nrdc.org
acolangelo@nrdc.org

*Counsel for Plaintiff*