IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br> 40 West 20th Street, <br> New York, NY 10011 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Avenue NW, <br> Washington, DC 20460 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   17-cv-1243 (RDM) <br> )   ECF Case <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Defendant United States Environmental Protection Agency (EPA) is violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to disclose responsive records requested by plaintiff Natural Resources Defense Council, Inc. (NRDC), and engaging in a policy and practice of threatening to deem FOIA requests "voluntarily withdrawn" without the requester's consent.

2. Shortly following President Trump's inauguration, numerous federal agencies began purging information about important public health and environmental issues from their websites. This case involves a simple public records request seeking information about EPA's website-retention policies and any instructions the agency's Office of Public Affairs received to remove content from EPA websites in the early months of the Trump presidency.

3. NRDC submitted a FOIA request to EPA seeking this basic information on March 14, 2017. The statutory deadline for EPA to make a final determination on NRDC's request was April 11, 2017. EPA did not meet that deadline.

4. On June 14, 2017—three months after NRDC submitted its request—EPA sent NRDC an e-mail stating that the request did not "reasonably describe the records sought," and that if NRDC did not respond within ten days, EPA would consider the request "voluntarily withdrawn."

5. EPA's e-mail reflects the agency's unlawful policy and practice of threatening to deem FOIA requests, like NRDC's, "voluntarily withdrawn" if the requester does not respond to an e-mail from EPA within ten calendar days.

6. To date, EPA has not produced any records in response to NRDC's request.

7. NRDC seeks a declaration that EPA violated FOIA by failing to provide a final determination as to whether it will comply with NRDC's request by the statutory deadline and by failing to promptly produce all non-exempt, responsive records. NRDC seeks an injunction ordering EPA to disclose without further delay all non-exempt records responsive to the request.

8. NRDC also seeks a declaration that EPA is violating FOIA by engaging in a policy and practice of threatening to deem FOIA requests "voluntarily withdrawn" based on nothing more than the requester's failure to respond to an e-

mail within ten calendar days, and an order enjoining EPA from continuing this practice in the future.

## THE PARTIES

9. Plaintiff NRDC is a national, non-profit environmental and public health membership organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment. In support of its work, NRDC submits numerous FOIA requests to EPA each year.

10. Defendant EPA is a federal agency within the meaning of FOIA, 5 U.S.C. § 551(1), and has possession or control of the records that NRDC seeks.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

12. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## STATUTORY FRAMEWORK

13. FOIA requires that federal agencies release, upon request, information to the public, unless one of nine statutory exemptions applies. 5 U.S.C. § 552(a)–(b).

14. A FOIA request must "reasonably describe" the records it seeks. *Id.* § 552(a)(3)(A). A request "reasonably describes" records if an agency employee familiar with the subject matter of the request can locate the requested records with

a reasonable amount of effort. *See Shapiro v. CIA*, 170 F. Supp. 3d 147, 154–55 (D.D.C. 2016).

15. Within twenty business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency must "immediately notify" the requester "of such determination and the reasons therefor." *Id.* If an agency determines that it will comply with the request, it must "promptly" release responsive, non-exempt records to the requester. *Id.* § 552(a)(6)(C)(i).

16. If the agency fails to comply with the statutory time limits, the requester is deemed to have exhausted her administrative remedies and may immediately file suit. *Id.* District courts may enjoin an agency from withholding agency records and "order the production of any agency records improperly withheld." *Id.* § 552(a)(4)(B).

17. District courts may also enjoin an agency from engaging in a policy or practice that impairs the public's lawful access to agency records. *See Payne Enters., Inc. v. United States*, 837 F.2d 486, 491–95 (D.C. Cir. 1988).

## FACTUAL BACKGROUND

### A. NRDC's March 14, 2017 FOIA Request

18. Within hours of President Trump's inauguration, the official White House website deleted nearly all references to climate change. Shortly thereafter, various news outlets reported that the Trump Administration was instructing EPA to remove climate change pages from its websites.

19. Changes to EPA's websites were rampant in the early months of the Trump Administration.

20. NRDC filed a FOIA request with EPA on March 14, 2017, seeking all documents setting forth EPA policy or guidance for staff to apply when determining whether to remove information from an EPA website, and all documents and communications from January 20, 2017 through the present instructing EPA staff within the Office of Public Affairs to remove information from an EPA website.

21. That same day, EPA acknowledged receipt of NRDC's request and assigned the request the tracking number EPA-HQ-2017-004877.

22. In a letter to NRDC dated March 16, 2017, EPA wrote that NRDC's request did not reach the minimum billable amount and so no charges would be associated with processing it. The letter also stated that the EPA Administrator's Office would respond to the request.

23. The statutory deadline for EPA to make a final determination on NRDC's request was April 11, 2017.

24. NRDC received no communications from EPA about its request from March 17, 2017 through June 13, 2017.

25. On June 14, 2017, after nearly three months of silence, EPA sent an e-mail to NRDC stating that its request "is not a proper FOIA request because it does not reasonably describe the records sought."

26.     EPA's June 14, 2017 e-mail also threatened that if NRDC did not "reply back . . . within 10 days," EPA would "consider [the] request voluntarily withdrawn."

27.     On June 23, 2017, NRDC responded to EPA's e-mail by stating that the request as written reasonably describes the records sought. NRDC also declined to "voluntarily withdraw" its request.

28.     To date, EPA still has not produced any responsive records to NRDC.

**B.     EPA's Policy and Practice of Threatening to Deem FOIA Requests "Voluntarily Withdrawn" Without Requester Consent**

29.     EPA has a policy and practice of threatening to deem FOIA requests "voluntarily withdrawn" based on nothing more than the requester's failure to respond to an e-mail within ten calendar days.

30.     EPA's policy and practice follows a set pattern. EPA first sends a requester an e-mail stating that its request does not "reasonably describe" the records sought because, among other things, it does not identify specific titles, dates, authors, and/or recipients for the records requested. EPA then asks the requester to contact the agency to clarify the request. Finally, EPA states that if the requester does not respond within ten calendar days, the agency will deem the request "voluntarily withdrawn."

31.     EPA has applied this policy and practice to FOIA requests submitted by NRDC at least four times since April 2016:

   a. On April 20, 2016, a Program Analyst within EPA's Office of Water threatened to deem an NRDC FOIA request "voluntarily withdrawn" if

6

      NRDC did not respond within ten calendar days to an e-mail claiming that the request failed to "reasonably describe" the records sought.

    b. On December 27, 2016, an Assistant General Counsel within EPA's Office of General Counsel threatened to deem an NRDC FOIA request "voluntarily withdrawn" if NRDC did not respond within ten calendar days to an e-mail requesting that NRDC identify specific custodians for its request.

    c. On March 22, 2017, an Assistant Regional Counsel within EPA Region 10's Office of Regional Counsel threatened to deem an NRDC FOIA request "voluntarily withdrawn" if NRDC did not respond within ten calendar days to an e-mail claiming that the request failed to "reasonably describe" the records sought.

    d. As described above, on June 14, 2017, a Program Analyst within EPA's Office of the Administrator threatened to deem NRDC's March 14, 2017 Request "voluntarily withdrawn" if NRDC did not respond within ten days to an e-mail claiming the request failed to "reasonably describe the records sought."

32. On information and belief, EPA has applied this policy and practice to numerous FOIA requests submitted by other individuals and organizations in the past year.

33. EPA's policy and practice lacks any basis in FOIA or EPA's FOIA regulations.

34. EPA's regulations dictate how the agency must act when it believes a FOIA request does not "reasonably describe" the records sought: The agency must contact the requester to inform it of what "additional information" EPA needs or "why [the] request is otherwise insufficient." 40 C.F.R. § 2.102(c). EPA must also "give [the requester] an opportunity to discuss and modify [the] request." *Id.*

35. If the requester does not respond, or refuses to clarify its request, EPA has two options. It may process and respond to the request, despite its prior assertion that the request did not "reasonably describe" the records sought. *See id.* § 2.104(a). Or it may deny the request through formal written notice, which will trigger the requester's rights to seek either administrative or judicial review. *See id.* § 2.104(g); *see also Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 280 (D.D.C. 2012).

36. Neither FOIA nor EPA's regulations, however, authorize EPA to consider a FOIA request "voluntarily withdrawn." Nor can a requester's failure to respond to an e-mail within ten calendar days reasonably be considered consent to "voluntarily withdraw" the request.

37. EPA's policy and practice of threatening to deem FOIA requests "voluntarily withdrawn" if the requester does not respond to an e-mail within ten calendar days harms NRDC. It forces NRDC to divert time and resources to respond to EPA e-mails within a short time, lest EPA unilaterally deem NRDC's requests "voluntarily withdrawn" and unlawfully terminate them. This is true even if NRDC disagrees that the request at issue fails to reasonably describe the records sought.

8

The deadline thus imposes an extra-statutory hurdle between NRDC and the records to which it is entitled under FOIA.

38.     EPA's policy and practice also harms NRDC by placing a cloud of uncertainty over its requests. Because there is no statutory or regulatory basis for EPA to deem a request "voluntarily withdrawn," it is not clear what rights NRDC would have if EPA were to do so. For example, it is unclear whether NRDC could reopen a "voluntarily withdrawn" request; whether a reopened request would lose its place in the FOIA processing queue; and whether NRDC could challenge the withdrawal directly in court, or would have to file an administrative appeal first. These uncertainties exacerbate the burden inflicted by EPA's short and arbitrary deadline.

39.     EPA's policy and practice is likely to continue to harm NRDC in the future. NRDC currently has several dozen FOIA requests pending before EPA, and intends to continue submitting FOIA requests to EPA in the future.

40.     When NRDC files a FOIA request, it cannot always identify specific titles, dates, authors, and/or recipients for the records requested. Indeed, the purpose of many NRDC requests is to learn that precise information: who said what to whom and when about a particular topic of public interest and significance.

41.     Despite EPA's repeated claims that FOIA requests that do not identify specific titles, dates, authors, and/or recipients for requested records fail to "reasonably describe" those records, NRDC intends to continue submitting FOIA requests to EPA on matters of public importance even if it does not know that

information. Such requests further FOIA's core purpose: to open agency action to public scrutiny as a check against corruption and a means to hold the governors accountable to the governed.

## FIRST CLAIM FOR RELIEF
## (FOIA)

42. NRDC incorporates by reference all preceding paragraphs.

43. NRDC has a statutory right under FOIA to obtain immediately all records responsive to its request that are not exempt from disclosure.

44. EPA's June 14, 2017 e-mail does not discharge EPA's responsibilities to produce records in compliance with FOIA, and does not toll or extend the April 11, 2017 deadline for EPA to respond to NRDC's request.

45. EPA has no lawful basis to consider NRDC's request "voluntarily withdrawn."

46. EPA violated its statutory duty under FOIA, 5 U.S.C. § 552(a), to release all non-exempt, responsive records to NRDC.

## SECOND CLAIM FOR RELIEF
## (FOIA)

47. NRDC incorporates by reference all preceding paragraphs.

48. NRDC has a statutory right under FOIA to have its requests processed in accordance with that statute and EPA's regulations. If EPA believes that a FOIA request does not "reasonably describe" the records sought, *see* 5 U.S.C. § 552(a)(3)(A), it must provide the requester an "opportunity" to clarify the request, *see* 40 C.F.R. § 2.102(c). If the requester does not respond, or refuses to clarify the

request, EPA may deny the request. *See id.* § 2.104(g). FOIA does not permit EPA to deem a request "voluntarily withdrawn" if the requester fails to respond to the agency within ten calendar days.

    49.    EPA's policy and practice of threatening to deem FOIA requests "voluntarily withdrawn" if the requester fails to respond to an e-mail within ten calendar days violates FOIA, 5 U.S.C. § 552(a)(3)(A), (6)(A), and may be enjoined under that statute, *see Payne Enters.*, 837 F.2d at 491–95; *see also* 5 U.S.C. § 552(a)(4)(B).

### THIRD CLAIM FOR RELIEF
### (Administrative Procedure Act)

    50.    NRDC incorporates by reference all preceding paragraphs.

    51.    In the alternative to Plaintiff's Second Claim for Relief, EPA's policy and practice of threatening to deem FOIA requests "voluntarily withdrawn" if the requester fails to respond to an e-mail within ten calendar days violates FOIA, 5 U.S.C. § 552(a)(3)(A), (6)(A), and constitutes agency action that is arbitrary and capricious and not in accordance with law, 5 U.S.C. § 706(2)(A).

### REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment against EPA as follows:

    A.    Declaring that NRDC's FOIA request reasonably describes the records sought;

    B.    Declaring that NRDC has not "voluntarily withdrawn" its FOIA request;

  C. Declaring that EPA has violated FOIA by failing to produce non-exempt records responsive to NRDC's FOIA request by the statutory deadline;

  D. Declaring that EPA's policy and practice of threatening to deem FOIA requests "voluntarily withdrawn" if the requester does not respond to an e-mail within ten calendar days violates FOIA;

  E. Ordering that EPA disclose the requested records to NRDC without further delay;

  F. Enjoining EPA from threatening to deem FOIA requests "voluntarily withdrawn" if the requester does not respond to an EPA e-mail;

  G. Enjoining EPA from deeming FOIA requests "voluntarily withdrawn" if the requester does not respond to an EPA e-mail;

  H. Ordering EPA to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings, in the event that EPA determines that certain responsive records are exempt from disclosure;

  I. Retaining jurisdiction over this case to rule on any assertions by EPA that certain records responsive to NRDC's request are exempt from disclosure;

  J. Awarding NRDC its costs and reasonable attorneys' fees; and

  K. Granting such other relief that the Court considers just and proper.

           Respectfully submitted,

Dated: August 9, 2017     /s/ Jared E. Knicley
             Jared E. Knicley (DC Bar No. 1027257)
             Aaron Colangelo (DC Bar No. 468448)
             Natural Resources Defense Council

        1152 15th Street NW, Suite 300  
        Washington, DC 20005  
        Phone: 202-513-6242  
        Fax: 415-795-4799  
        jknicley@nrdc.org  
        acolangelo@nrdc.org  

*Counsel for Plaintiff*